

U.S. Department of Justice

Criminal Division

Appellate Section                                              Washington, D.C. 20530

March 11, 2025

Hon. Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. Courthouse
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

      Re:   *United States v. David Nutter*, No. 22-4541
            Oral argument set for March 19, 2025

Dear Ms. Anowi:

      In anticipation of oral argument, the United States respectfully calls the Court's attention to *United States v. Gailes*, 118 F.4th 822, 826-30 (6th Cir. 2024), in which the Sixth Circuit rejected a facial Second Amendment challenge to 18 U.S.C. § 922(g)(9).

      *Gailes* relied on *United States v. Rahimi*, 602 U.S. 680 (2024), which upheld 18 U.S.C. § 922(g)(8)'s prohibition on possessing a firearm while subject to a domestic-violence restraining order, and on *United States Williams*, 113 F.4th 637, 657 (6th Cir. 2024), which upheld "most applications" of 18 U.S.C. § 922(g)(1)'s prohibition on possession of a firearm by a felon. *Gailes* explained that "[t]he historical sources cited in *Rahimi* and *Williams* establish the constitutionality of modern firearm regulations targeting those who 'pose[ ] a clear threat of physical violence to another.'" *Gailes*, 118 F.4th at 828. And it concluded that § 922(g)(9) "fits well within this historical tradition." *Id.*

      *Gailes* was unpersuaded by the fact that *Rahimi* involved "disarming individuals subject to a domestic-violence restraining order," rather than "individuals who have a domestic-violence-misdemeanor conviction." *Gailes*, 118 F.4th at 829. *Gailes* reasoned that "if someone who is merely accused of

committing domestic violence can be disarmed without offending the Second Amendment, then *a fortiori* someone with a valid conviction can also be disarmed." *Id.* *Gailes* rejected the argument that *Rahimi* could not extend to those who "*previously* posed" a threat of violence, observing that "the recidivism rate for domestic-violence offenders is high." *Id.* And the Sixth Circuit found inconsequential the fact that *Rahimi* addressed a "temporary firearm ban, as opposed to permanent ban," because its decision in *Williams* had "upheld a permanent firearm ban." *Id.*

*Gailes* strongly supports the government's argument that § 922(g)(9) is constitutional. Like the Sixth Circuit, this Court has upheld the constitutionality of § 922(g)(1)'s indefinite ban on firearm possession by felons. *See United States v. Hunt*, 123 F.4th 697, 704-09 (4th Cir. 2024). And, "[t]aken together, *Rahimi* and [*Hunt*] evince that our history and tradition of firearm regulation support § 922(g)(9)." *Gailes*, 118 F.4th at 828.

                                                                                         Respectfully submitted,

                                                    s/William A. Glaser
                                                    WILLIAM A. GLASER
                                                    Attorney, Appellate Section
                                                    Criminal Division
                                                    U.S. Department of Justice
                                                    950 Pennsylvania Ave., N.W., Ste. 1264
                                                    Washington, DC 20530
                                                    (202) 532-4495
                                                    William.Glaser@usdoj.gov